**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHANEA S., et al** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **No.: 12-cv-1056** |
| | : | |
| **THE SCHOOL DISTRICT OF** | : | |
| **PHILADELPHIA,** | : | |
| **Defendant.** | : | |

**M E M O R A N D U M**

**SITARSKI, M.J.**                                                    **June 10, 2014**

## I.      BACKGROUND

This case arises out of two administrative actions that were brought by the parents of

children with disabilities ("Plaintiffs") against the School District of Philadelphia ("Defendant")

pursuant to, *inter alia*, the Individuals with Disabilities Education Improvement Act, 20 U.S.C.

§§ 1400, *et seq.* ("IDEA").  The administrative actions were settled under the resolution

processes specified in 20 U.S.C. § 1415(f)(1)(B) and 34 C.F.R. § 310.510.  As part of the

resolution agreement, Defendant agreed to pay the Plaintiffs "reasonable attorney's fees and

costs" incurred in litigating the administrative actions.  (Resolution Agreement, Am. Compl.

Exh. B, ¶ 5, ECF No. 1). The agreement directed Defendant to submit payment within sixty days

of receiving a detailed invoice from Plaintiffs.  (*Id.*)

Plaintiffs submitted its bill and supporting time sheets to Defendant on or about

December 13, 2011.  (Compl. ¶ 30, ECF No. 4).  When Plaintiffs' counsel did not hear back

from Defendant, he wrote to Defendant on three separate occasions to request the status of the

payment.  (*Id.* ¶¶ 30-33, ECF No. 4).  These inquiries went unanswered.  (*Id.* ¶ 34, ECF No. 4).

As a result, Plaintiffs commenced this federal action, alleging that Defendant's failure to pay reasonable attorney's fees and related costs, as agreed to in the resolution agreement, violated 20 U.S.C. § 1415(f)(1)(B),[1] and amounted to a breach of contract.  On October 31, 2012, the District Court entered an order resolving the attorney's fees that Defendant owed to Plaintiffs for attorney time incurred in the underlying administrative actions.  (ECF No. 23).

Plaintiffs then filed a motion for attorney's fees and costs incurred in litigating the instant federal action pursuant to Fed. R. Civ. P. 54(d) and 20 U.S.C. § 1415(i)(3)(B) and (C).  (ECF No. 24).  This matter has been referred to me for disposition.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

## II.     LEGAL STANDARD

Section 1415 of the IDEA authorizes payment of attorney's fees and costs to "a prevailing party who is the parent of a child with a disability."[2]  20 U.S.C. § 1415(i)(3)(B) and (C).  The Third Circuit has explained that "[t]he party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable."[3]  *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).  The fee petitioner must provide evidence "supporting the hours worked and rates claimed."  *Id.*

---

[1]  20 U.S.C. § 1415(f)(1)(B) sets forth, *inter alia*, procedures for a resolution session between the parents and the local agency, and states that any written settlement agreement that results from the resolution session is enforceable in federal district court.

[2]  It is undisputed that Plaintiffs are "a prevailing party" for purposes of this motion.

[3]  "[Third Circuit] case law construing what is a reasonable fee applies uniformly to all fee shifting statutes."  *Goodman v. Pa. Turnpike Comm'n*, 293 F.3d 655, 677 (3d Cir. 2002) (internal quotation marks and citation omitted).

The calculation of the appropriate amount of attorney's fees begins with the lodestar, which is the product of "the appropriate billing rate for the parties attorneys" multiplied by "the number of hours those attorneys reasonably expended on the action."  *Interfaith Comty. Org. v. Honeywell Intern., Inc.*, 426 F.3d 694, 703 (3d Cir. 2005).

## III.   DISCUSSION

### A.    Hourly Rates

Plaintiffs seek fees at the following rates for the four attorneys from the Law Offices of David J. Berney, P.C., who represented them in the present action: David J. Berney ($350 per hour), Megan Mahle ($285 per hour), Lawrence Lee Wentz ($270 per hour), and John Valantassis ($175 per hour).  Defendant does not contest the hourly rates for Attorneys Berney or Wentz, but argues that Attorneys Mahle and Valantassis's rates should be reduced to $200 and $135 per hour, respectively.

In IDEA cases, like other areas of law in which fee-shifting is authorized, a reasonable hourly rate is calculated "based on rates prevailing in the community in which the action or proceedings arose for the kind and quality of services furnished."  20 U.S.C. § 1415(i)(3)(C); *see Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001) (explaining that, to determine a reasonable rate, court must "assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation").  The party seeking fees "bears the burden of establishing by way of satisfactory evidence, in addition to [the] attorney's own affidavits, . . . that the requested hourly rates meet this standard."  *Id.*; *Evans v. Port Auth. of*

*N.Y. & N.J.*, 273 F.3d 346, 361 (3d Cir. 2001).  Pursuant to § 1415(i)(3)(F)(ii) of the IDEA, the Court shall reduce the amount of attorney's fees under this section "if the amount of the attorney's fees otherwise authorized to be awarded unreasonably exceeds [prevailing hourly rates in the community.]"

The best evidence of the reasonable rate for an attorney's time is the customary billing rate for clients, which creates a presumption of reasonableness.  *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Maldonado*, 256 F.3d at 184–85.  In addition, the fee schedule established by Community Legal Services, Inc. ("CLS") "has been approvingly cited by the Third Circuit as being well developed and has been found by the Eastern District of Pennsylvania to be a fair reflection of the prevailing market rates in Philadelphia."  *Maldonado*, 256 F.3d at 187.

       1.      **Attorney Mahle**

Plaintiffs contend that this Court should accept a rate of $285 per hour for Attorney Mahle based on the following factors: (1) Attorney Mahle has worked primarily in the area of civil legal services since she graduated from New York University School of Law in 2002; (2) the Law Offices of David J. Berney customarily bills its clients $285 to $300 per hour for Attorney Mahle's work; (3) Defendant agreed to pay fees at this rate for Attorney Mahle in a recent IDEA settlement; (4) Defendant stipulates to a $270-per-hour rate for Attorney Wentz in this case, and Attorney Wentz has less relevant experience than Attorney Mahle; (5) two experienced civil rights/education law attorneys[4] have provided affidavits attesting that the

---

[4] In support of their fee petition, Plaintiffs submitted affidavits from attorneys Jennifer Clarke and Daniel Atkins.  (Mot. Exhs. C and D, ECF Nos. 24-3 and 24-4).

4

proposed rate is well within the range of prevailing rates in the Philadelphia community for services by attorneys of reasonably comparable skill, experience, and reputation; (6) courts in this district have approved similar, and often greater, rates for attorneys with comparable experience; and (7) a 2010 National Law Journal Survey, the Updated/Adjusted Laffey Matrix, and the CLS Fee Schedule support the proposed rate for Attorney Mahle.  (Memo. of Law 7-18, ECF No. 24).

In response, Defendant argues that, although Attorney Mahle states in her affidavit that she has been practicing law since graduating from law school in 2002, she was not admitted to the Pennsylvania Bar until 2006, and was then on inactive status for an unknown number of years before being reinstated to active status in 2011.  (Resp. 9-10, ECF No. 26).  For these reasons, Defendant argues that the Court should not attribute more than two-to-five years of experience to her, which places her in the range of $180 to $225 per hour on the CLS Schedule. Accordingly, Defendant claims that a reasonable rate for Attorney Mahle is the middle of that range, $200 per hour.

The Court agrees with Defendant that Attorney Mahle's affidavit lacks enough specificity for the Court to confirm that her $285-per-hour rate is reasonable.  In her affidavit, Attorney Mahle explains that she graduated from law school in 2002, that she has been working in the area of civil legal services "since graduation," that she began working with the Law Offices of David J. Berney in 2012, and that she is also a staff attorney with the Health, Education, and Legal Assistance Project.  (Mot. Exh. F, ECF No. 24-6).  Attorney Mahle does not provide any additional details about her practice between 2002 and 2012 other than to say that she has litigated "hundreds of matters, including special education cases, in a variety of

forums over the past 10-plus years." (*Id.*).

The Court finds that Attorney Mahle's affidavit does not make clear that she has been practicing law without interruption for the entire ten-and-a-half-year period for which she seeks credit, and does not sufficiently identify the types of law she practiced during that time. While the Court is not persuaded by Defendant's unsupported contention that the experience Attorney Mahle accrued outside of Pennsylvania should be entirely discounted in determining a reasonable hourly rate for her work, the Court agrees that her affidavit lacks a sufficient level of specificity to support her requested rate. The Court notes that Plaintiffs have submitted affidavits from experienced attorneys who attest that a rate of $285 per hour is reasonable for Attorney Mahle. These affidavits similarly fail to clearly delineate the specifics of Attorney Mahle's experience since law school graduation in 2002.

For these reasons, the Court will reduce Attorney Mahle's rate to $255 per hour, the top of the CLS Schedule's range for attorneys with 6-to-10 years of experience. *See* CLS Attorney Fees, available at: http://clsphila.org/about-cls/attorney-fees (last visited June 6, 2014).

### 2.    Attorney Valantassis

Plaintiffs seek a rate of $175 per hour for Attorney Valantassis based on the following factors: (1) Attorney Valantassis was admitted to the Pennsylvania Bar in October 2012, and assisted the Law Offices of David J. Berney for six months with, among other matters, its special education practice; (2) the Law Offices of David J. Berney customarily billed its clients between $175 and $185 per hour for Attorney Valantassis's work; (3) two experienced education law

attorneys[5] have provided affidavits attesting that the proposed rate is well within the prevailing rate in the Philadelphia community for services by attorneys of reasonably comparable skill, experience, and reputation; (4) courts in this district have approved greater rates for paralegals; and (5) a 2010 National Law Journal Survey, the Updated/Adjusted Laffey Matrix, and the CLS Fee Schedule support the proposed rate for Attorney Mahle.  (Memo. of Law 7-18, ECF No. 24).

Defendant argues that Attorney Valantassis's rate should be reduced because most of the work he performed on this case took place before he passed the bar exam; according to Defendant, a reasonable hourly rate for him is $135 per hour, which is the top of the CLS Schedule's range for law students.  (Resp. 10-11, ECF No. 26).

The Third Circuit has directed courts to calculate hourly rates according to market rates at the time the fee petition was filed, not when the work was actually performed.  *Lanni v. New Jersey*, 259 F.3d 146, 150 (3d Cir. 2001); *see also, Phillips v. Phila. Housing Auth.*, 2005 WL 3488872, at *6 (E.D. Pa. Dec. 20, 2005) (applying CLS Schedule in effect at time fee petition was filed, rejecting argument that attorney's rate should be based on lower rate in version of CLS schedule in effect at the time the attorney performed the work).  Plaintiffs rely on *Lanni* to argue that the relevant rate is the one that applies to Attorney Valantassis's level of experience at the time the fee petition was filed, not when he performed some of the work on the case.  (Reply 7-8, ECF No. 27).  Defendants have not directed the Court to any case law to the contrary.

The Court will look to the CLS Schedule's rate for new attorneys, not law students, to assess a reasonable rate for Attorney Valantassis.  The CLS Schedule indicates a rate of $165 to

---

[5] Attorneys Jennifer Clarke and Jennifer Lowman attested that a rate of $175 per hour is reasonable for Attorney Valantassis.  (Mot. Exhs. C and E, ECF Nos. 24-3 and 24-5).

$190 per hour for attorneys who have accrued less than two years of experience since law school. *See* CLS Attorney Fees, available at: http://clsphila.org/about-cls/attorney-fees (Last visited June 6, 2014). Based on this schedule, the attorney affidavits, and the other factors set forth by Plaintiffs above, the Court finds that the proposed $175-per-hour rate for Attorney Valantassis is reasonable.

### B.   Hours Expended

In their initial Motion, Reply, and Supplemental Reply, Plaintiffs claim that their attorneys incurred the following hours of billable work in connection with this case:

- Attorney Berney: 103.3 hours

- Attorney Mahle: 9.8 hours

- Attorney Valantassis: 35.3 hours

- Attorney Wentz: 4.9 hours

Defendants object to the time sheets of Plaintiffs' attorneys on the grounds that: (1) Plaintiffs' counsel were not sufficiently specific in recording some entries; (2) Plaintiffs' counsel spent excessive time on pleadings, discovery, and motions; (3) Plaintiffs' counsel recorded non-reimbursable paralegal, clerical, and overhead costs; and (4) Plaintiffs are not entitled to full reimbursement for time spent on the state-law breach-of-contract claims.

In fashioning an award of attorney's fees, the "prevailing party is not automatically entitled to compensation for all the time its attorneys spent working on the case[.]" *Interfaith Cmty. Org.*, 426 F.3d at 711. "Hours that would not generally be billed to one's own client are not properly billed to an adversary." *Pub. Interest Research Group of N.J. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995). Thus, in reviewing a fee petition, the Court must determine "whether

the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *Interfaith Cmty. Org.*, 426 F.3d at 711 (internal quotations and citation omitted).  In reviewing these charges, the Court cannot reduce an award *sua sponte*, but "only in response to specific objections made by the opposing party." *Id.*

Compensable activities include the preparation of filing the lawsuit, legal research, attorney discussions and strategy sessions, negotiations, routine activities such as making telephone calls and reading mail, and travel.  *See City of Riverside v. Rivera*, 477 U.S. 561, 573 n.6 (1986).  In addition, time spent drafting and litigating a fee petition is compensable.  *Planned Parenthood v. Attorney General of the State of N.J.*, 297 F.3d 253, 268 (3d Cir. 2002).

### 1.     Specificity of Entries

Defendant first argues that time entries such as t/s with client," "ltr to client," and "legal research," without any additional detail, are vague and should not be included in the lodestar to be charged to the opposing party.  (Resp. 13, ECF No. 26).

"[A] fee petition is required to be specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed."  *Washington v. Phila. Cnty. Court of Common Pleas*, 89 F.3d 1031, 1037 (3d Cir. 1996) (internal quotation marks and citation omitted).  "[A] fee petition should include some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys, e.g., senior partners, junior partners, associates." *Rode*, 892 F.2d at 1190 (internal quotation marks and citation omitted).  It is not necessary, however, for the petition to contain "the exact number of minutes spent nor the precise activity

to which each hour was devoted nor the specific attainments of each attorney." *Id.* (internal quotation marks and citation omitted).

The Court finds that Plaintiffs' counsel's entries were sufficiently specific to enable this Court to determine whether the hours spent were reasonable.  Therefore, the Court will not deduct any hours from the petition on the ground that certain entries lack specificity.  *See, e.g., Elizabeth S. v. School Dist. of Phila*, No. 11-1570, 2012 WL 2469547, at *2 (E.D. Pa. Jun. 28, 2012).

### 2.      Excessive time

Defendant claims that Attorney Berney spent an excessive amount of time on a number of tasks in the course of litigating this case.  In particular, Defendant argues that the amended complaint, which is fifteen pages long, is "lengthy, repetitive and overdone;" according to Defendant, a "perfectly acceptable complaint for attorney's fees could consist of about 8 to 10 paragraphs on two or three pages."  (Resp. 15, ECF No. 26).  Defendant also contends that Attorney Berney should not be compensated for the full amount of time he spent reviewing the motion for partial summary judgment that Attorney Valantassis drafted.  (*Id.* 17-18, ECF No. 26).  Next, Defendant argues that Attorney Berney should be compensated no more than ten hours for preparing the fee petition.  (*Id.*, ECF No. 26).  Lastly, Defendant claims that the 7.2 hours that Attorney Berney billed to prepare a Reply in support of Plaintiffs' fee motion should be reduced to 3 hours.  (Sur-Reply 1, ECF No. 32).  Defendant also objects to a number of additional entries on the ground that the time spent was excessive, but Defendant does not provide any specific argument in support of these objections.

The Court has reviewed Attorneys Berney's time sheets and finds that most of the

challenged fees are not excessive.  First, the Court has reviewed the Complaint and finds that it

was not excessively long or repetitious.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (explaining

that a claim in a complaint "has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged").  The Court has also reviewed Attorney Berney's time entries reflecting his work on

the present fee petition, and does not find the time spent to be excessive.[6]  *See, e.g., Hayward v.*

*Delaware Valley High School*, 2011 WL 1838784, at *4 (E.D. Pa. May 13, 2011) (finding 20.9

hours preparing fee petition and supporting briefs reasonable).

    Defendant also claims that Attorney Berney spent an excessive amount of time — 7.2

hours — on drafting and filing Plaintiffs' Reply in support of the fee petition.  Upon review, the

Court does not find that 7.2 hours was excessive.  Defendant raised five arguments in its

opposition that Plaintiffs had not had an opportunity to address: (1) that the fee award should be

reduced by 50% because fees not recoverable on breach-of-contract claim; (2) that the fee award

should be reduced by 15% based on the distressed financial condition of Defendant; (3) that the

proposed hourly rate for Attorney Mahle is not reasonable; (4) that the proposed hourly rate for

Attorney Valantassis is not reasonable; and (5) that Plaintiffs' counsel billed excessive time on

certain tasks.  As Plaintiffs' counsel explains, he was required to conduct not insignificant legal

research and analysis in order to properly respond to the Defendant's arguments.  Therefore, the

Court will allow reimbursement for the requested 7.2  hours.

---

[6]  Defendant claims that Attorney Berney has billed 21.2 hours of work on the fee
petition.  (Resp. 18, ECF No. 26).  It appears that Defendant is including in that amount time
spent corresponding with his associates, opposing counsel, education experts, and his clients in
preparation for drafting the fee petition.  (Mot. Exh. A, ECF No. 24-2).  Attorney Berney spent
only 15.7 hours conducting research and drafting the petition.  (*Id.*).

With respect to Plaintiffs' motion for partial summary judgment, however, the Court agrees with Defendant that, given that Plaintiffs are seeking compensation for 9.9 hours of time that Attorney Valantassis spent preparing the motion, another 13 hours of Attorney Berney's time is excessive.[7]  Therefore, the Court will allow Attorney Berney reimbursement for the 5 hours he spent on the motion on September 13, 2012, but not the 8 hours he spent on September 10-11, 2012.  (Mot. Exh. B, ECF No. 24-2; Resp. 17, ECF No. 26).

Finally, the Court has reviewed the other entries that Defendant challenges and finds that the amount of time spent was not excessive.

### 3.    Non-reimbursable Costs

Defendant next objects to the incorporation of clerical and paralegal work into Attorney Berney's fees.  Defendant identifies 5.2 hours of Attorney Berney's work that, in its view, could have been completed by a secretary or paralegal.  (Resp. 15, ECF No. 16).  As a result, Defendant asks the Court to deduct 50% of the questionable hours from the lodestar, reducing 5.2 hours to 2.6 hours.

"[T]he costs of clerical work, such as filing and copying, are ordinarily considered to be part of an attorney's rate as office overhead, they will not be compensated."  *Sheffer v. Experian Info. Solutions, Inc.*, 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003); *see also  Halderman by Halderman v. Pennhurst State School & Hosp.*, 49 F.3d 939, 942 (3d Cir. 1995)  ("[W]hen a lawyer spends time on tasks that are easily delegable to non-professional assistance, legal service

---

[7]  Defendant claims that Attorney Valantassis has billed 10.2 hours of work on the motion for partial summary judgment.  (Resp. 17-18, ECF No. 26).  However, the Court discerns no more than 9.9 hours of work billed for this task in Attorney Valantassis's timesheet.  (Pet. Exh. G, ECF No. 24-7).

rates are not applicable.").  However, paralegal work, if performed by an attorney, can be billed

at paralegal rates.  *See T.B. v. Mount Laurel Bd. Of Ed.*, No. 09-4780, 2012 WL 1079088, at *4-5

(D.N.J. Mar. 30, 2012) (citing *Missouri v. Jenkins*, 491 U.S. 274, 285-88 (1989)).

       The Court agrees with Defendant that Attorney Berney's time sheets include a number of

tasks that could have been completed by a legal secretary or paralegal.  Specifically, the Court

has identified 3.6 hours' worth of such entries.[8]  While some of these entries are arguably

---

[8]  These tasks include:

- 2/7/12 – t/c to ARC Community Trust of Pa re whether School District has funded the trust as per the settlement agreement (.1 hours)
- 2/21/12 – t/c to ARC Community Trust of Pa re whether ARC has received payment from School District for trust – advised it has not been paid (.1 hours)
- 2/27/12 – finalizing exhibits, drafting case management track designation form, civil cover sheet and designation form and arranging for filing (.6 hours)
- 3/1/12 – reviewing summons in civil action, drafting Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons forms and arranging for service of complaint (.3 hours)
- 3/21/12 – t/c with federal court clerk's office re amended complaint and arranging for the filing of the amended complaint (.4 hours)
- 3/28/12 – t/c to district court re summons (.1 hours)
- 3/28/12 – Email to Miles Shore, Esq., requesting a Rule 26(f) conference (.1 hours)
- 3/30/12 – Email to Miles Shore, Esq., requesting Rule 26(f) conference (.1 hours)
- 4/9/12 – Drafting notices of depositions for Maria Monras Sender, Megan McCullough, Kimberly Caputo, and Michael Davis and ltr to Miles Shore and email to Miles Shore (.7 hours)
- 4/15/12 – Reviewing correspondence from courier service regarding filing in federal court and service of documents upon school district (.1 hours)
- 5/13/12 – Reviewing and responding to email from Tamika Way, Secretary to Miles Shore (.1 hours)
- 5/16/12 – Preparing notices of deposition and email to Miles Shore re deposition notice and Rule 26(f) report (.3)
- 6/8/12 – reviewing and responding to court reporter about depositions and email to Miles Shore re same (.1 hours)
- 6/11//12 – Reviewing email from Tamika Way, Assistant to Miles Shore, re discovery answers (.1 hours)
- 8/10/12 – Filing Motion to Strike certain Objections to Plaintiffs' Requests for

clerical in nature (*e.g.*, "t/c to ARC Community Trust of Pa re whether School District has funded the trust as per the settlement agreement"), the vast majority of these entries reflect tasks that are commonly performed by paralegal staff (*e.g.*, "reviewing summons in civil action, drafting Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons forms").  (Mot. Exh. B, ECF No. 24-2).  Because all of these tasks could reasonably have been performed by a paralegal, the Court will apply a rate of $90 per hour, the middle of the CLS Schedule's range for a paralegal, to these tasks.  The Court finds that the remaining tasks that Defendant challenges, such as reviewing court orders and other ECF filings, were reasonably performed by an attorney.

### 4.      Breach of Contract Claim

Defendant next argues that Plaintiffs are not entitled to reimbursement for time spent on the state-law breach-of-contract claim.  Defendant contends that, while fees are statutorily authorized for Plaintiff's IDEA claim, fees are not recoverable under state law.  Defendant claims that "[a]ll the pretrial discovery taken by plaintiffs, including the motion to strike objections to requests for admissions and the motion for partial summary judgment was conducted presumably to prove the state law claims for breach of contract."  (Resp. at 21, ECF No. 26).  Accordingly, Defendant asks the Court to reduce Plaintiffs' fees by fifty percent.  In response, Plaintiffs contend that a reduction is not warranted because their federal and state law

---

Admissions – first set (.1 hours)
- 9/24/12 – t/c with Judge Jones' Deputy Clerk re notice of arbitration (.1 hours)
- 10/14/12 – t/c's to chambers re filing of Motions and email to Miles Shore and making arrangements for hand delivery of courtesy copies (.2 hours)

(Mot. Exh. B, ECF No. 24-2; Resp. 18-19, ECF No. 26).

14

claims were inextricably intertwined.

The Court will not reduce Plaintiffs' fee award by fifty percent.  In support of its position, Defendant relies on special education cases in which courts have reduced fee awards based on the plaintiff's limited degree of success.  (*Id.* 20-21, ECF No. 26).  Unlike the plaintiffs in those cases, however, Plaintiffs here did not succeed on one cause of action, but lose on the other; rather, as Plaintiffs explain, their IDEA and breach-of-contract claims — both of which were premised entirely on the Defendant's breach of the fees provision in the resolution agreement — were inextricably intertwined.  The Court is unconvinced by Defendant's argument that Plaintiff's counsel performed tasks in furtherance of one cause of action but not the other. Defendant has not directed the Court to any authority in support of its position that Plaintiff's statutory fee award should be cut in half because, in theory, "half" of counsel's work on the case was in furtherance of an overlapping state common-law claim.

### C.     Defendant's Financial Condition

Defendant argues that the Court should reduce the lodestar by an additional 15% due to the severely distressed financial condition of the School District.  (Resp. 22-24, ECF No. 26). The Third Circuit has not addressed this question in the context of awarding fees under the IDEA.  It has, however, held, in analyzing fees under 42 U.S.C. § 1988, that while "special circumstances may be taken into account to reduce an otherwise reasonable attorney's fee award[,] . . . the losing party's financial ability to pay is not a special circumstance, whether that party is a public or private agency."  *Inmates of Allegheny Ct'y Jail v. Pierce*, 716 F.2d 177, 180 (3d Cir. 1983) (internal quotation marks and citation omitted); *see also Graziano v. Harrison*, 950 F.2d 107, 114 n.13 (3d Cir. 1991) (citing *Inmates of Allegheny Ct'y Jail* for proposition that

the inability of a losing party to pay the attorney's fee is not a relevant consideration); *Child Evangelism Fellowship of N.J., Inc. v. Stafford Twp. School Dist.*, No. 02-4549, 2006 U.S. Dist. LEXIS 62966, at * 87 (D.N.J. Sept. 5, 2006) (declining to reduce a fee award in § 1988 case to account for a school district's financial status because a losing party's financial ability to pay is not a special circumstance or relevant consideration in determining an award of fees).

District Courts in this Circuit have thus rejected the School District's request in IDEA cases for a reduction in an otherwise reasonable attorney's fee award based on its distressed financial condition.  *See, e.g., M.M. v. School Dist. of Phila.*, No. 11-4482, 2012 U.S. Dist. LEXIS 85640 (Mar. 24, 2013)  (rejecting School District's request to reduce the lodestar based on its financial condition because the Third Circuit has held that the losing party's ability to pay is not a relevant consideration in determining a fee award under § 1988); *P.D. v. School Dist. of Phila.*, No. 07-713 (E.D. Pa. Jun. 28, 2007) (Pls. Reply, Exh. C, ECF No. 27) (same); *P.N. v. Clementon Bd. of Educ.*, No. 02-1351, 2007 U.S. Dist. LEXIS 29289, at *18 (D.N.J. Apr. 19, 2007) (same).

This authority notwithstanding, Defendant maintains that "[t]he financial condition of the non-prevailing party in § 1988 cases is a factor that courts may consider when determining the amount of an award for attorney's fees."  (Resp. 23, ECF No. 26).  In support of this position, Defendant relies on *Alizadeh v. Safeway Stores*, 910 F.2d 234, 238 (5th Cir. 1990), and *Hughes v. Repko*, 578 F.2d 483, 488 (3d Cir. 1978).  As Judge Davis explained when the School District made this argument in *M.M. v. School Dist.*, however, neither of these cases directly supports Defendant's proposition:

> Defendant cites the cases *Alizadeh v. Safeway Stores*, 910 F.2d 234 (5th
> Cir. 1990) and *Hughes v. Repko*, 578 F.2d 483 (3d Cir. 1978) in support of the

16

proposition that, "[t]he financial condition of the non-prevailing party in 1988 cases is a factor that courts may consider when determining the amount of an award for attorney's fees." Neither of the cases directly support Defendant's proposition. In *Alizadeh*, the Fifth Circuit held that "the financial condition of a nonprevailing plaintiff charged with attorneys' fees under section 1988 is a factor that . . . a court should consider when fixing the amount of such an award." *Alizadeh*, 910 F.2d at 239. The Court further clarified, "Nor do we now address whether or under what circumstances a nonprevailing defendant's financial condition may be weighed in charging that party with attorneys' fees under section 1988." *Id.* at 239 n.8. Because the instant matter deals with a nonprevailing defendant, we do not find *Alizadeh* persuasive. Similarly, in *Hughes v. Repko*, the Third Circuit stated, "[W]e express no opinion on whether, or in what manner, a court may take into account ability to pay in exercising its discretion to award a reasonable attorney's fee under the Act," and declined to address the issue. *Hughes*, 578 F.2d at 488.

*M.M.*, 2012 U.S. Dist. LEXIS 85640, at *22-23 (citations to record omitted).

Defendant also relies on *Barrett v. West Chester Univ.*, No. 03-4978, 2006 WL 859714 (E.D. Pa. Mar. 31, 2006) in support of its position. In that case, West Chester University was found to have violated Title IX in terminating its women's gymnastics program. *Id.* at *1-2. In adjudicating the fee petition under § 1988, the court noted that West Chester University is a public university with limited funds, and that the award of attorney's fees would affect not only the taxpayers of Pennsylvania, but also the students. *Id.* at *17-18. Citing its responsibility to ensure that taxpayers are required to reimburse prevailing parties for only necessary fees, the court reduced plaintiff's attorney's fee award by 15% based upon the financial condition of the University. *Id.*

The Court finds the more recent decisions in *M.M. v. School Dist.* and *P.D. v. School Dist.* more persuasive than *Barrett*. The *Barrett* case concerned a fee application seeking fees in excess of $200,000. The *Barrett* court wished to avoid providing a windfall to a private law firm, at the expense of taxpayers and public university students. In the present case, this Court

has given careful consideration to the rates to be assessed, and has carefully evaluated the Defendant's arguments concerning excessive or unnecessary time entries. Considering the totality of circumstances presented here, this Court simply cannot conclude that the possibility of a "windfall" that was present in the *Barrett* case is present here.

Although the Court is sympathetic to Defendant's financial condition, many defendants in IDEA cases are public entities facing significant budgetary concerns like Defendant here, and Congress did not include any language in the IDEA to suggest that courts should take into account such budgetary concerns when fashioning an attorney's fees award. Accordingly, the Court declines to reduce the lodestar based on Defendant's financial condition.

### D. Costs

Plaintiffs seek reimbursement for the following costs: (1) $350 for the federal court filing fee; and (2) $34.50 for courier services for filing and serving documents. (Mot. 25-26, ECF No. 24). Defendant objects to the latter cost, arguing that Plaintiffs are not entitled to reimbursement for courier services. The Court agrees and will not allow reimbursement for this expense. *See Elizabeth S.*, 2012 WL 2469547, at *6 (recognizing that the Third Circuit disallows costs for courier fees) (citing *Matter of Penn Central Transp. Co.*, 630 F.2d 183, 191 (3d Cir. 1980)).


## VI. CONCLUSION

As set forth above, the Court calculates the attorney's fees award as follows:

| Attorney | Hours Claimed | Adjustments | Rate | Amount |
|---|---|---|---|---|
| Attorney Berney | 103.3 | | $350 | $36,155 |
| | | – 8 excessive | $350 | – $2,800 |

18

|  |  | – 3.6 paralegal | $350 | – $1,260 |
|---|---|---|---|---|
|  |  | + 3.6 paralegal | $90 | + $324 |
|  |  |  |  | $32,419 |
| Attorney Mahle | 9.8 |  | $255 | $2,499 |
| Attorney Valantassis | 35.3 |  | $175 | $6,177.50 |
| Attorney Wentz | 4.9 |  | $270 | $1,323.00 |
| **TOTAL FEES:** |  |  |  | **$42,418.50** |

The Court grants in part Plaintiffs' Motion for Attorney's Fees and Costs, and awards

$42,418.50 in fees and $350.00 in costs to Plaintiffs.

An appropriate Order follows.


BY THE COURT:


  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE